IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AYYAKKANNU MANIVANNAN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY,<br><br>　　　　　　　　Defendant. | Civil Action No. 18-297<br><br>Magistrate Judge Maureen P. Kelly |
| AYYAKKANNU MANIVANNAN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant. | Civil Action No. 19-828<br><br>Magistrate Judge Maureen P. Kelly |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION
FOR ALTERNATE SERVICE OF SUBPOENA UPON PAUL DETWILER**

　　　　Pursuant to the Court's September 29, 2023 Order (ECF 117), Plaintiff respectfully responds as follows to each paragraph in Defendants' Motion to Strike (ECF 116) seeking the Court to strike Plaintiff's motion for alternate service of subpoena upon Defendants' former employee and Chief Legal Counsel R. Paul Detwiler (ECF 113).

　　　　1.　　　Defendants correctly state the time of Plaintiff's motion for alternate service. The remainder of Defendants' paragraph 1 is demonstrably false and brazenly mischaracterizes the manner in which discovery has proceeded. To the extent any "chaos" or delay has arisen during discovery, it has resulted directly from opportunistic conduct by Defendants, who have adopted a series of changing and inconsistent factual and procedural positions with no apparent purpose other than delaying or avoiding development an adequate evidentiary record in this case—and,

unlike Defendants bald and conclusory assertions that they have somehow been prejudiced, defendants' conduct in discovery has *actually prejudiced* Plaintiff.  Here are four examples:

      a.      After Defendants (who, unlike Plaintiff, knew Paul Detwiler retired from DOE in 2018) represented in their initial disclosures and for the first two months of the three-month fact discovery period that Detwiler had relevant testimony, that Defendants may call Detwiler as a witness, and that Plaintiff could contact Detwiler "care of" Defendants' counsel, Defendants then claimed for the first time on July 12 (with less than one month of fact discovery remaining) that, contrary to Defendants' initial disclosures (which have still never been corrected), that Detwiler *could not* be contacted "care of" Defendants' counsel, that neither the United States nor DOE knows where DOE's former NETL Chief Counsel can be found, and that if Plaintiff wanted to depose Detwiler, Plaintiff would have to locate and personally serve Detwiler with no assistance from Defendants before August 11.  *See* Ex. A (Powell Declaration dated Sep. 28, 2023) ("Powell Decl.") at ¶¶ 4-7, 12-15, Ex. 1 (Detwiler LinkedIn), Ex. 2 & 3 (Initial Disclosures), Ex. 5 (McHale email 7/12/23).[1]

      b.      After insisting on May 8, 2023 that only "targeted" discovery be allowed in this action, Defendants served broad discovery requests on June 2, 2023 demanding, e.g., all documents containing statements or observations of persons who have knowledge of facts in the complaint and identification of long lists of documents, facts, and statements, such as every "statement against interest" that Plaintiff might rely upon at trial.

---

[1]    Defendants have not identified any rule or reason for believing the time at which Plaintiff filed its motion was somehow improper.  Plaintiff, who filed that motion as soon as his counsel was able to prepare and file it, has been unable to identify any provision in the Federal Rules of Civil Procedure, this Court's local rules or published procedures or prior orders in this case setting any specific deadline by which Plaintiff's motion for alternate service and related relief had to be filed, nor any rule or procedure requiring its filing before close of business.

    c. On June 14, 2023, Defendants—after requesting and receiving Plaintiff's consent for months' worth of extensions in this action, including multiple extensions of time to answer Plaintiff's complaint (*see, e.g.*, ECF 4, 6, 45, 49, 51, 60, 96 & 98)—Defendants refused to consent to any extension of fact discovery to accommodate the unanticipated departure of one-half of Plaintiff's legal team actively working on discovery, adopting for the first time the position that any further extension in this matter would somehow would, somehow, amount to a prejudicial delay.  (*See* Powell Decl. ¶¶ 8-10 & Ex. 4.)

    d. After insisting in June in support of their refusal to consent to any extension that Defendants would and could complete all fact discovery by August 11—prompting Plaintiff's counsel to cancel a vacation and work non-stop throughout the summer to produce more than 27,000 pages of documents by the cutoff date—Plaintiffs failed to complete discovery by August 11, producing additional documents as recently as September 13.  *See* Powell Decl. Ex. 21 (McHale email 8/11/23 proposing to confer after his return from vacation); Ex. 26 (9/13/2023 email re document production).

    e. After repeatedly asserting in this case that it was perfectly normal and customary for DOE to disclose witnesses and evidence concerning Plaintiff's whereabouts in connection with a state court criminal proceeding in 2016, Defendants' counsel refused DDuring status conferences, defendants counsel has asserted it is perfectly normal for doe to provide witnesses to testify as to the whereabouts of current doe employees for purposes of their criminal convictions. But when defendants asked Plaintiff in September 6 and 13 and 14 and 15 to provide the email address Detwiler used to contact defendants—or to update defendants initial disclosures to include accurate contact information for Detwiler—defendants have refused,

3

suggesting that disclosing how Plaintiff can contact defendants former NETL chief Counsel would violate the privacy act.  Powell Decl. Ex. 24 (McHale email 9/9/23).

2.  Plaintiff concedes that he did not file his brief in support until the day after his motion.  Plaintiff denies that this provides a proper basis under Federal Rule 12(f) for striking his motion for alternate service as impertinent, or that the delay of one day has caused Defendant any prejudice that could not be cured by granting Defendants an additional day to prepare its response to Plaintiff's motion, or some other reasonable accommodation, to which Plaintiff's would consent without objection.

3.  Plaintiff repeatedly raised the relief sought by its motion with Defendants and conferred with Defendants regarding that requested relief in September.  Some of that correspondence is attached to Plaintiff's Powell Declaration filed on September 29 and attached hereto.

4.  Plaintiff admits it served discovery requests shortly after midnight, but deny that this in any way prejudiced Defendants, who have nonetheless undertaken to produce responsive documents instead of seeking a protective order holding the document requests moot.

5.  Again,Defendants have articulated no actual prejudice arising from any alleged delayin receiving Plaintiff's verified interrogatory responses,which did not materially differ from the unverified responses Plaintiff had earlier served.

6.  Plaintiff identified the psychiatrist he has been treated by in multiple letters and communications to Defendants as early as 2018, including in many letters to Defendants that Plaintiff produced in discover in July.  Defendants have not articulated any specific way in which Defendants' responses to discovery prejudiced its ability to complete discovery.   Plaintiff specifically conferred with Defendants' counsel the week before Plaintiff's deposition regarding

any other documents Defendants' counsel believed heneeded before that deposition and then produced a small additional production before the deposition in response to the items Plaintiff identified. By contrast, Defendants produced no documents at all before the depositions of Defendants' witnesses.

7. Plaintiff had no reason to pursue alternate service as of August 28 because as of that status conference he had only had an opportunity to attempt service on Detwiler once in New Hampshire and Detwiler, a licensed attorney, had confirmed to Plaintiff's counsel by telephone on July 17 that he resided in New Hampshire. Plaintiff could not have known that Detwiler would thereafter stay away from his New Hampshire address, apparently for the entire period from August 2 through September 17, making alternate service necessary.

8. Plaintiff admits that it has not been able to effect service on Detwiler, as explained in the accompanying Powell Declaration. As also explained therein, there was no way Plaintiff could have predicted that Detwiler, a licensed attorney, would not appear at the place where he told Plaintiff's counsel he resided over the course of several weeks, nor that Defendants' counsel would refuse to provide Plaintiff with Detwiler's email address requiring Defendants to ask this Court to order Defendants to disclose it in support of a motion for alternate service.

9. Plaintiff's motion and brief filed in support address the concern raised in Defendants' paragraph 9 by requesting that the summary judgment schedule be extended. Doing so would allow the Court and the parties to go into summary judgment with an adequate record to resolve issues relating to Plaintiff's allegations concerning Detwiler. Striking or denying

Plaintiff's motion would leave this problem unresolved and leave the parties unable to articulate any viable case for resolving these questions at summary judgment.

10. Plaintiff denies that this scenario represents the kind of extraordinary situation that warrants resorting to the extreme relief of striking Plaintiff's motion for alternate service.

11. Plaintiff cites extensive case law supporting his motion in the brief filed on September 29, which Plaintiff respectfully incorporates herein by reference. Defendants would have an opportunity to respond to this authority in normal briefing on Plaintiff's motion.

12. Plaintiff plainly does not think the Court's deadlines are merely suggestions. Indeed, Plaintiff and his counsel have worked very hard to meet the Court's deadlines, as detailed in the attached declaration summarizing Plaintiff's extensive efforts to complete discovery by August 11 and his subsequent efforts to serve and depose Detwiler by September 28. But the Court has broad discretion to adjust discovery deadlines in light of the circumstances of a case and, in light of the significance of Detwiler's testimony to this matter and Plaintiff's good faith efforts to serve and depose Detwiler in the face of actions by both Defendants and Detwiler himself that have made that more difficult that any party in Plaintiff's position could have reasonably anticipated—and the fact that Defendants have not articulated any conctere prejudice from any additional delay that would result in considering Plaintiff's motion for alternate service—Plaintiff respectfully requests that the Court consider and ultimately grant Plaintiff's motion for alternate service.

## Conclusion

For the reasons above and those set out more fully in Plaintiff's Brief in support of his Motion for Alternate Service and the accompanying Powell Declaration, Plaintiff respecrfully

6

requests that the Court deny Defendants improper motion to strike and that the Court grant Plaintiff's motion and order that Plaintiff may serve R. Paul Detwiler by email and text message in accordance with the proposed that Plaintiff filed on Sep. 28 (ECF 113-1).

                                    Respectfully submitted,

Dated: October 3, 2023                 */s/ John J. Powell*
                                          John J. Powell
                                          MONTGOMERY McCRACKEN
                                          WALKER & RHOADS LLP
                                          1735 Market Street
                                          Philadelphia, PA 19103
                                          (215) 772-7298
                                          jpowell@mmwr.com

                                          *Counsel for Dr. Ayyakkannu Manivannan*

## CERTIFICATE OF SERVICE

      I certify that today I served the foregoing documents on all counsel of record in the above-captioned action via the Court's electronic filing system.

Dated:  September 29, 2023                */s/ John J. Powell*
                                                   John J. Powell