IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AYYAKKANNU MANIVANNAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-297 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF Nos. 113, 116 |
| U.S. DEPARTMENT OF ENERGY, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| AYYAKKANNU MANIVANNAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-828 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff Ayyakkannu Manivannan is a former government scientist with the U.S. Department of Energy ("DOE"). Through this consolidated action, Plaintiff asserts claims under the Privacy Act, 5 U.S.C. § 552a, and the Federal Tort Claims Act ("Tort Claims Act"), 28 U.S.C. § 1346(b) and §§ 2671 – 80, for injuries allegedly stemming from the DOE's disclosure of records to state prosecutors during criminal proceedings. Those proceedings arise from allegations of disturbing actions taken by Plaintiff against a college intern at the DOE.

Presently before the Court is Plaintiff's Motion for Alternative Service, Disclosure of Email Address, and Extension, ECF No. 113, and a Motion to Strike filed on behalf of the DOE

1

and the United States of America ("Defendants"). For the following reasons, Plaintiff's Motion is denied and the Defendant's Motion to Strike is denied as moot.[1]

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

After resolving motions to dismiss, this 2018 case reached the discovery phase of litigation on May 8, 2023. Given the narrow issues remaining, the Court's case management order set August 11, 2023, as the discovery deadline, and scheduled a post-discovery status conference for August 28, 2023. ECF Nos. 104, 110. In the case management order, the Court directed, "[a]ll interrogatories, depositions and requests for admissions and/or production of documents shall be served within sufficient time to allow responses to be completed **prior** to the close of fact discovery." ECF No. 104 ¶ 2.

At the status conference on August 28, 2023, counsel disclosed that in early July, they learned that R. Paul Detwiler, a long time DOE employee, had left the agency. ECF No. 111. Plaintiff alleges that Mr. Detwiler forwarded agency records to the state prosecutor; thus, Plaintiff's counsel asserted that Mr. Detwiler's deposition is necessary for the factual development of his claims against Defendants. ECF No. 115 at 1-2. Despite Mr. Detwiler's stated importance, as of the date of the status conference, Plaintiff's counsel had not located Mr. Detwiler for service of a subpoena to compel his presence at a deposition, nor had counsel filed a motion to extend time for discovery. Id. Defense counsel expressed concerns with the timeliness of Plaintiff's deposition requests, delayed and unsworn discovery responses, and the failure to identify medical providers. Id. The Court addressed the lapses related to Plaintiff's failure to fully and timely comply with discovery obligations. Out of an abundance of caution, the Court granted an extension of time

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF No. 9.

solely to permit Plaintiff additional time to locate, serve, and schedule Mr. Detwiler's deposition. ECF No. 111. The Court directed that the Detwiler deposition must be completed by September 28, 2023. Id.

At 11:57 p.m. on September 28, 2023, counsel for Plaintiff filed the pending Motion for Alternate Service of Subpoena, Disclosure of Email Address, and Extension of Time. ECF No. 113. The motion seeks yet another extension of discovery for 60 days to permit alternative service of a subpoena and the completion of Mr. Detwiler's deposition. Id. In addition, Plaintiff seeks an order compelling Defendants to provide Mr. Detwiler's email address for purposes of alternative service, and an order permitting service by text, email, regular mail, and posting at Mr. Detwiler's residence. Of note, Plaintiff's motion was not accompanied by the certification required by Rule 37(a) of the Federal Rules of Civil Procedure that as to the motion to compel, Plaintiff "has in good faith conferred or attempted to confer" with Defendants "in an effort to obtain [the requested relief] without court action." Fed. R. Civ. P. 37(a).

On the morning of September 29, 2023, the Court scheduled a status conference for October 2, 2023. ECF No. 114. After the scheduling order was entered, Plaintiff filed a brief and exhibits in support of the pending motion. ECF No. 115.

In the supporting brief, Plaintiff states that on July 12, 2023, Defendants disclosed that Mr. Detwiler was no longer a federal employee and counsel did not have a current address. Id. at 3. The deposition of another DOE employee revealed that Mr. Detwiler had retired in or before 2018; thus, Defendants' initial disclosure in May 2023 regarding Mr. Detwiler's status was in error. Id. Plaintiff's counsel "immediately undertook" efforts to locate and serve Mr. Detwiler. Plaintiff's counsel reached Mr. Detwiler by telephone on July 17, 2023, to inform him that he sought to take his deposition. Mr. Detwiler "refused to accept service or to confirm any specific place he could

be served, but he did confirm that he lived in New Hampshire." Id. at 4. By August 3, 2023, Plaintiff's counsel knew that Mr. Detwiler was in Maine, and by August 11, that his efforts to locate and serve Mr. Detwiler at his New Hampshire residence were unsuccessful.

At no point between the August 28 status conference and the September 28 deadline for completion of the deposition did Plaintiff seek an extension of discovery. Id.; see also ECF No. 115-2 at 83. Plaintiff continued to attempt to serve Mr. Detwiler at his unoccupied residence. Id., see also ECF No. 115-2 at 95 (on each of five occasions, the process server observed no signs that anyone was or had been present at the address provided by Plaintiff's counsel). Counsel also performed internet searches but did not identify an alternate address.

Defendants responded to Plaintiff's motion with a Motion to Strike because: (1) Plaintiff failed to confer in good faith before the close of discovery, (2) the possibility of alternative service was not raised by Plaintiff or contemplated by the Court when it granted an extension of time to conduct discovery, and (3) the relief requested is not warranted by the circumstances presented. ECF No. 115. As an example of Plaintiff's lack of diligence, Defendants point to a telephone call received from Plaintiff's counsel on the evening of September 14, 2023, raising the inability to serve Mr. Detwiler, and indicating that a motion for alternative service would be filed that evening. Id. at 2. That same day, Plaintiff's counsel contacted the Court *ex parte* by telephone to inquire about the procedure for obtaining alternate service. Plaintiff's counsel acknowledges that he was directed to file a motion. ECF No. 115-1 at 16. Plaintiff's counsel did not file the pending one-paragraph motion until two weeks later.

The Court held a status conference on October 2, 2023. The Court raised Plaintiff's failure to provide the Rule 37 certification necessary to obtain an order compelling Defendants to produce Mr. Detwiler's location and email address, as well as the failure to file a brief or exhibits supporting

4

the motion before the end of extended discovery. ECF No. 118. Nevertheless, the Court ordered

Plaintiff to file a response to the Motion to Strike, and set a due date for Defendants to file a brief

in opposition to Plaintiff's pending motion. ECF Nos. 117, 121.

Plaintiff's response to the Motion to Strike accuses Defendants' counsel of "brazen"

misconduct relative to Mr. Detwiler's status and contact information. He contends that the failure

to provide Mr. Detwiler's current location or email address is designed to delay and avoid the

development of an adequate evidentiary record. ECF No. 119. See also ECF No. 115 at 7 ("[a]t a

minimum, Detwiler and or Defendants' counsel appear to have fallen short of their obligations as

officers of the Court").

Defendants' counsel understandably takes issue with Plaintiff's characterization of his

conduct and motives, and points to repeated delays and lapses in Plaintiff's discovery efforts. ECF

No. 122 at 2-5. Defendants also object to Plaintiff's proposed alternative service as untimely,

disruptive of the orderly administration of justice, unfairly prejudicial given the looming summary

judgment deadlines, and unsupported by applicable law and rules of court. Id. at 6-12.

The motions are ripe for disposition.

## II.     DISCUSSION

This Court has broad discretion in deciding whether to grant an extension of the discovery

deadlines, and to grant the relief requested. See, e.g., Fed. R. Civ. P. 16(b)(4); Lehman Bros.

Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs, L.P., 785 F.3d 96, 102 (3d Cir.

2015); Shahin v. Delaware, 563 F. App'x 196, 200 (3d Cir. 2014). Exercising this discretion and

for the following reasons, the Court finds that Plaintiff has not established good cause to grant the

pending motion.

Federal Rule of Civil Procedure 45 sets forth the procedure and guidelines for the issuance of subpoenas directed at third parties. Fed. R. Civ. P. 45. Pursuant to Rule 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

> The [United States Court of Appeals for the] Third Circuit has not interpreted the meaning of "delivering" in the context of Rule 45(b)(1), but several district courts in the Third Circuit have. High Tech Nat'l, LLC v. Stead, 2020 WL 3605286, at *3 (E.D. Pa. July 2, 2020). The majority view, as expressed in Alfamodes Logistics Ltd. Liability Co. v. Catalent Pharma Solutions, Inc., is that "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally." 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) (emphasis in original); see also Farley-Skinner v. Adventure Aquarium, LLC, 2018 WL 3647209, at *2 (D.N.J. Aug. 1, 2018) ("[C]ourts within the Third Circuit have interpreted the word 'delivering' in [Rule] 45(b)(1) literally, requiring that an individual is served personally.") (citations omitted).

Smith v. Club Exploria LLC, No. 3:20-CV-00580, 2021 WL 4375907, at *2 (M.D. Pa. Sept. 24, 2021). Thus, the district court in Smith denied the plaintiff's motion to compel an uncooperative non-party to comply with a deposition subpoena served by email and certified mail. See also Coulter v. Paul Laurence Dunbar Cmty. Ctr., No. 16-0125, 2020 WL 13469786, at *2 (W.D. Pa. June 26, 2020) ("notwithstanding [the plaintiff's] frustration with her inability to personally serve [a non-party] with the subpoena, such personal service is required [under Rule 45] before a court can compel compliance with a subpoena by a non-party"); Alfamodes Logistics 2011 WL 1542670, at *1 (efforts to deliver nonparty subpoenas by phone, former counsel, and personal delivery "do not amount to personal service under Fed. R. Civ. P. 45, because the nonparties have not obtained possession or control of the subpoenas by receiving, in effect or actuality, the subpoenas in-hand").

In the instant matter, Plaintiff concedes that the weight of authority in the Third Circuit requires personal service but contends that the requested relief in the form of service by text message, email, regular mail, or posting on Mr. Detwiler's unoccupied residence is authorized. ECF No. 115 at 5. In support, he cites Yelland v. Abington Heights Sch. Dist., No. 3:16-2080, 2017 WL 4122465, at *4 (M.D. Pa. Sept. 18, 2017), where the district court approved the use of alternative service in the form of delivery of a subpoena to a minor's parents. However, the district court limited its departure from the majority view to the facts before it. Id. ("[t]he court specifically notes that it limits its finding only to this case in order to protect the interests of the minor, especially since it finds that serving one of Student C's parents is without doubt "reasonably calculated to complete delivery").

Plaintiff also cites High Tech Nat'l, LLC v. Stead, No. MC 19-191, 2020 WL 3605286, at *3 (E.D. Pa. July 2, 2020), for the proposition that alternative service of a non-party is permissible under Rule 45. In High Tech, the subpoena was personally served on a corporate defendant employee and receipt was acknowledged by the non-party individual witness. Thus, the non-parties had notice of the details of the subpoena and were personally aware of the steps taken to complete personal service. Id. Plaintiff's other cited cases from this district are unpersuasive because each involves an order authorizing alternative service of a complaint on a foreign corporate entity under Rule 4(f)(3). See Aquapaw Brands LLC v. Yan-Peng, No. 2:21-CV-01784, 2023 WL 3538551, at *2 (W.D. Pa. May 18, 2023); Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC, No. 13-CV-458, 2013 WL 1644808, at *1 (W.D. Pa. Apr. 16, 2013).

In his request for alternative service by phone, text, or email, Plaintiff also fails to address the straightforward requirement in Rule 45(b)(1) that he tender the fees for 1 day's attendance and

the mileage allowed by law. Fed. R. Civ. P. 45(b)(1). This provision bolsters the weight of authority requiring personal service of a Rule 45 subpoena on a non-party such as Mr. Detwiler.

The Court understands counsel's disappointment that searches for Mr. Detwiler through commercial internet sources such as Westlaw and an apparently inactive LinkedIn account failed to bear fruit. However, as revealed in Plaintiff's supporting exhibits, Defendants' counsel disclosed that Mr. Detwiler was no longer a party-employee within days of receiving Plaintiff's request to schedule his deposition. Five days later, Mr. Detwiler personally informed Plaintiff's counsel that he was not at his residence. Over the next two months, Plaintiff's process servers repeatedly confirmed that fact, as well as Mr. Detwiler's refusal to cooperate by providing his current location. Given Plaintiff's belief in the importance of Mr. Detwiler's testimony, timely additional investigation was warranted. However, the time for that has passed and discovery closed without a properly supported motion to extend discovery or a request for leave to file a belated motion. And, as in all cases, "[t]he responsibility for compelling a non-party fact witness to appear for a deposition rests with the plaintiff, and not the District Court or opposing counsel." Shahin v. Delaware, 563 F. App'x at 200. Thus, the Court will not compel Defendants to provide Mr. Detwiler's current address or email address.

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Alternative Service, Disclosure of Email Address, and Extension, ECF No. 113, is denied and the

Motion to Strike filed on behalf of the Department of Energy ("DOE") and the United States of America ("Defendants") is denied as moot.

Dated: October 30, 2023

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via ECF